By the Court, Cowes, J.
It is not necessary to examine into the effect of the first levy ; for the objections which went to the form of pleading and the defect and form of proof, are sustained by obvious grounds, upon which the judgment of the common pleas must be reversed. It is not denied that a plea or notice of justification was essential, nor that secondary proof of the execution was inadmissible, nor that a judgment should have been shown 5 (See Herrick v. Manly, 1 Caines’ Rep. 253 ;) but it is insisted that the objections addressed to *621 the want of special pleading and the oral evidence of the execution, were waived by the plaintiff’s re-examination of the witness Patterson, calling for the execution and inquiring into the previous levy and the proceedings which followed it. It is also insisted that the recital in the execution was sufficient evidence of the judgment. It is a good answer to the ground of waiver, that the plaintiff struggled to avoid the further examination of Patterson, by interposing the proper objections. These being wrongfully overruled, he was put to the option of abandoning all ulterior inquiry, or attempting, as he did, to invalidate the proceedings under the execution irregularly proved. He had a right to do either, without the act being construed into a waiver. It would be still more disingenuous to declare that the recital in an execution which should not have been inquired of at all, shall first be forced upon a party contrary to law, and because he has been driven to the necessity, for the purpose of avoiding its effect, of noticing it more particularly, it shall therefore be deemed competent evidence against him of the judgment recited by it; and this too, in the face of his objection that the judgment was not proved. (See Avery v. Slack, 17 Wend. 85—87.)
Judgment reversed.